# SUPREME COURT.

JOHN D. SPICER and another agt. MARY FRANCIS AYERS.

*Conveyance by husband to wife — Action by general creditor to set aside on ground of fraud.*

Where a husband takes title to a piece of property in the name of his wife, when he is not insolvent or contemplating it, and when the title is recorded and the husband afterwards becomes unfortunate upon subsequent contracts not then even contemplated, such conveyance will not be held fraudulent as to such *future creditors*.

A deed, taken in the name of the wife, the consideration-money for which being paid by the husband, is not necessarily fraudulent as to *existing creditors*. The presumption of fraud in such case can be overcome by proof.

The cases of *Carpenter* agt. *Cook* (10 *N. Y.*, 227), and *Case* agt. *Phelps* (39 *id.*, 164) commented on and distinguished.

*Rensselaer County Circuit, November,* 1875.

ACTION by a general creditor to set aside conveyances made by the husband to the wife during his lifetime, on the ground of fraud.

*Smith, Fursman & Cowen,* for plaintiffs.

*Mr. Lansing and Mr. R. A. Parmenter,* for defendants.

WESTBROOK, *J.* — A very brief outline of the reasons which induce me to render a judgment for the defendant is all that will be attempted.

Without any examination, the decision of the court at general term, that an action in this form is maintainable, will

be assumed. It is the law of this case, and the special term has neither the power or the will to question its accuracy. If the counsel for the plaintiffs wish to amend the pleadings and proceedings by making Mrs. Ayers a party in her representative capacity, no objection is seen to that being done, as she has had full opportunity on this trial to question the claims of the plaintiffs as against her husband's estate.

None of the demands of the plaintiffs were in existence when Mrs. Ayers acquired title to the premises. It is true they were then creditors, but a proper application of the moneys paid by Ayers in his lifetime would extinguish that portion of the account then existing, and the greater part of the subsequently accruing account was also paid by him.

When the wife obtained the title, Ayers was neither insolvent nor contemplated insolvency, nor was the contract for building the house, in the erection of which plaintiff's debt accrued, made or contemplated; and I cannot, therefore, find as a fact that the wife took the title to defraud any person. It was an open act, the deeds were on record, and no person could have trusted Ayers upon the faith of the property.

The case, then, presents this question: If a husband takes title in the name of his wife when he is not insolvent or contemplating it, and when the title is recorded and the husband afterwards becomes unfortunate upon subsequent contracts not then contemplated, will such conveyance be fraudulent as to such future creditors? To hold the affirmative will be to decide that in no case can a husband, when prosperous, make provision for his family. A proposition to which I cannot subscribe.

In some cases, and under some circumstances, such conveyances have been held fraudulent. In *Carpenter* agt. *Cook* (10 *N. Y.*, 227), the husband, the day after he had made a hazardous contract in the purchase of corn, placed his property in trust for the benefit of his wife. He was also largely in debt at the time. This conveyance was held void, because the contract which made the husband insolvent had already

Spicer agt. Ayers.

been entered into, and his property was surely applicable to make good any existing contract and to pay creditors then existing, upon whom his conveyance, if valid, threw the risk of the enterprise. In *Case* agt. *Phelps* (39 *N. Y.*, 164), a husband, who owned real estate worth $2,000 more than the mortgage upon it, conveyed to his wife such property, and without putting the deed upon record, borrowed $700 to embark in a new business, in which he failed. The deed was properly held void, because it was evidently made so as to compel creditors to take the hazard of the new enterprise, and the deed not being recorded, the money to embark therein was borrowed upon the faith of the property.

No such reasons as existed in these cases exist here. Ayers was solvent; he did not expect to become insolvent; he had on hand no hazardous contract, and contemplated none; he put the title to his wife on record, and long after the conveyance he made the contract, in the performance of which he incurred the plaintiff's debt, and sustained the loss. No principle of public policy or justice, in my opinion, makes the conveyance void. The contracts are all subsequent to the conveyances to the wife, and, as such conveyances were on record, it is to be presumed they were made with full knowledge of their existence. If they are void, then no husband can, with safety, make reasonable provision for his wife and family, when, in doing so, no creditor at the time is injured, when no shift of property is made to throw losses of an existing contract on creditors, when no debts have been contracted on the faith of title to property in him, and when such transfer was in good faith and without any intention to cheat or defraud. It has been held (*Dunlap* agt. *Hankins*, 59 *N. Y.*, 342) that a deed taken in the name of the wife, the consideration money for which was paid by the husband, was not necessarily fraudulent as to existing creditors, but that the presumption of fraud could be overcome by proof. Must not the doctrine apply here? The creditors here are subsequent creditors. They have not allowed their debt to

Spicer agt. Ayers.

be contracted · upon the faith of the property. With open eyes, knowing the wife to have the title, they trusted the husband, and to him, or to his estate, must their remedy be confined. I know of no principle of law which will take from the wife and children the reasonable provision which the husband and father made for them in the days of his prosperity, when no fraud was intended, and when the deceased husband and father, and not the particular property sought to be charged, was trusted to the extent of the plaintiff's claims.

The attorneys for the defendant will prepare the necessary findings, which will be settled on notice.